UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALINDA G. MOSELY, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2919-B |
| | § | |
| JOHN DOE #1, MASONITE | § | |
| INTERNATIONAL CORPORATION, | § | |
| MASONITE HOLDINGS, LLC, and | § | |
| MASONITE CORPORATION, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Walinda G. Mosely ("Mosely")'s Motion to Remand (Doc. 5). For the reasons that follow, the motion is **DENIED**, Mosely's claims against Defendant Masonite Holdings, LLC ("MH LLC") are **DISMISSED WITHOUT PREJUDICE**, and Defendant Masonite Corporation ("Masonite") is **ORDERED** to file an amended notice of removal.

### I.

### BACKGROUND

This is a personal-injury case. In September 2020, Plaintiff Mosely was injured in a car accident in Lancaster, Texas. Doc. 1, Pl.'s 1st Am. Pet.,[1] ¶¶ 12–14, 16. According to Mosely, the accident occurred when Defendant John Doe #1 ("John Doe"), who was driving a commercial truck, "failed to control his vehicle, failed to keep his vehicle in a proper lane of traffic, improperly deviated from his lane of traffic to [Mosely's] lane, and collided with [Mosely's] vehicle." *Id.* ¶¶ 13–14. Despite

---

[1] As explained *infra* Section III(A), the Court finds that Mosely's First Amended Petition is the operative pleading in this case. As such, the Court derives its recitation of the facts from Mosely's First Amended Petition. Doc. 1, Pl.'s 1st Am. Pet.

the collision, Mosely claims that John Doe "failed to stop at the scene . . . and failed to provide his information." *Id.* ¶ 15. Mosely avers that, at the time of the accident, John Doe "was an employee or agent of Defendant Masonite International Corporation [("MIC")], Defendant [MH LLC], and Defendant Masonite" acting "within the course and scope of his employment." *Id.* ¶¶ 35–36.

Mosely filed suit in Texas state court on February 9, 2021, naming John Doe and MIC as defendants. Doc. 1, Pl.'s Original Pet. She filed her First Amended Petition on September 22, 2021, alleging negligence claims against John Doe and seeking recovery from MIC, MH LLC, and Masonite under theories of respondeat superior; negligent entrustment; and negligent hiring, supervision, training, and retention. *See* Doc. 1, Pl.'s 1st Am. Pet., ¶¶ 21–47.

On November 19, 2021, Masonite timely removed the case to federal court based on diversity jurisdiction. Doc. 1, Not. Removal, ¶ 8. It is undisputed that Mosley and MH LLC are citizens of Texas, and that MIC is a foreign citizen.[2] *See id.* ¶¶ 1, 7–8; Doc. 1, Pl.'s 1st Am. Pet., ¶ 5; Doc. 5, Pl.'s Mot., ¶ 9. However, Masonite's citizenship remains in dispute. *See* Doc. 1, Not. Removal, ¶ 8; Doc. 5, Pl.'s Mot., ¶ 10. Masonite contends that its removal was proper because all named, properly joined parties are diverse and MH LLC, though nondiverse, was improperly joined. Doc. 1, Not. Removal, ¶¶ 7–8. After the Court ordered Mosely to respond to Masonite's improper joinder argument, she filed the instant motion to remand. *See* Doc. 3, Elec. Order; Doc. 5, Pl.'s Mot. In addition to remand, Mosely seeks recovery of her costs and attorneys' fees incurred as a result of the removal. Doc. 5, Pl.'s Mot., ¶ 29. The motion is fully briefed and ripe for review. The Court considers it below.

---

[2] *But see infra* Section III(B)(3).

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (citation omitted). And "[i]f the record does not contain sufficient evidence to show that subject[-]matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.* (citation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.* 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

"[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself. This is because 'a federal court *always* has jurisdiction to determine its own jurisdiction.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (quoting *United States v. Ruiz*, 536 U.S. 622, 622 (2002)). "If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is . . . to be strictly construed, and any doubt

about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.

## ANALYSIS

A.   *Mosely's First Amended Petition is the Operative Pleading in This Case*

As a threshold matter, there is some confusion as to what the operative pleading in this case is. Masonite's Notice of Removal principally argues that complete diversity exists because nondiverse MH LLC was fraudulently joined in Mosely's First Amended Petition. Doc. 1, Not. Removal, ¶ 7. Attached to Mosely's motion to remand, however, is a document she purports to be her Second Amended Petition, which was filed in state court on the same day Masonite removed the case to federal court. Doc. 5-1, Pl.'s 2d Am. Pet. Mosely explains that "Masonite . . . remove[d] the case to [f]ederal [c]ourt before [she] could amend her Petition." Doc. 5, Pl.'s Mot., ¶ 4. Nevertheless, she asserts that her post-removal filing in state court dropped MH LLC as a defendant. *Id.* ¶¶ 5–6, 17.

To avoid future confusion, and because the parties agree that Masonite's removal predated Mosely's Second Amended Petition, the Court holds that Mosely's First Amended Petition was the operative state court pleading at the time of removal. *See id.* ¶ 4; Doc. 9, Def.'s Resp., ¶¶ 8–12. This conclusion has three relevant effects. First, the Court will evaluate Mosley's instant motion by reference to her First Amended Petition.[3] *See Wingate v. Air Prods.*, 166 F App'x 98, 100 (5th Cir. 2006) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)) (noting that removal jurisdiction is evaluated based upon the state court petition as it existed at the time of removal). Second, because the Court will not permit pleadings to be amended by post-removal filings

---

[3] The Court notes, however, that applying its removal analysis to the pleading attached to Mosely's motion (Doc. 5-1) would not affect its ultimate decision to deny Mosely's motion.

made in state court, the Court considers Mosely's First Amended Petition the operative pleading in this case moving forward.[4] Finally, because Mosely concedes that MH LLC is not a proper defendant in this action, *see* Doc. 5, Pl.'s Mot., ¶ 4, the Court **DISMISSES WITHOUT PREJUDICE** Mosely's claims against MH LLC and will not consider its nondiverse citizenship in evaluating Mosely's Motion to Remand. *See Int'l Energy*, 818 F.3d at 206 n.50 ("[A]ny claim against an improperly joined nondiverse defendant must be dismissed *without* prejudice.").

B.   *Mosely's Motion to Remand*

Having determined the pleadings to be considered, the Court now turns to the substance of Mosely's motion. Mosely makes two arguments for remand: first, that Masonite is a nondiverse party[5] that destroys complete diversity of citizenship; and second, that Masonite's failure to identify John Doe requires remand. *See* Doc. 5, Pl.'s Mot., ¶¶ 22, 26; Doc. 10, Pl.'s Reply, ¶ 6. As explained below, the Court rejects both arguments. However, the Court independently finds that Masonite has not properly alleged MIC's citizenship. Since this defect is merely technical, the Court denies Mosely's motion and orders Masonite to amend its notice of removal to properly allege MIC's citizenship.

1.   <u>Masonite is a Diverse Party</u>

Mosely's first argument for remand is that Masonite is a nondiverse party because it has "sufficient 'minimum contacts' [with the state of Texas] for the [Texas] 68th [Civil] District Court . . . to exercise jurisdiction." Doc. 5, Pl.'s Mot., ¶ 22. Mosely confuses personal jurisdiction

---

[4] If Mosely wishes to amend her First Amended Petition, she may request leave to do so. *See* Fed. R. Civ. P. 15(a)(2).

[5] In addition to complete diversity, 28 U.S.C. § 1332(a) requires an amount in controversy exceeding $75,000. Mosely's First Amended Petition states that she "seeks monetary relief over $250,000 but not more than $1,000,000." Doc. 1, 1st Am. Pet., ¶ 10. As such, the Court considers the amount-in-controversy requirement satisfied and focuses its analysis on whether complete diversity exists.

with subject-matter jurisdiction. Indeed, "a defendant's contacts with the forum state play no part in a court's ruling on a motion to remand." *See Payne v. Gov't Emp. Ins. Co.*, 2019 WL 1767058, at *3 (N.D. Tex. Apr. 22, 2019). When removal is based on diversity jurisdiction, a court is charged only with determining whether the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a); 1441(a). Under this analysis, a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, Masonite has shown that it is a Delaware Corporation, *see* Doc. 9-4, Merger Certif., and has specifically alleged that its principal place of business is in Florida. *See* Doc. 1, Not. Removal, ¶ 2. Because Plaintiff has not controverted either of these allegations, *See* Doc. 5, Pl.'s Mot., Doc. 10, Pl.'s Reply, the Court finds that Masonite Corporation is a diverse party. The fact that a Texas state court may have personal jurisdiction Masonite does not change the diversity equation, nor does it otherwise deprive the Court of subject-matter jurisdiction. *See, e.g.*, *Payne*, 2019 WL 1767058, at *3.

### 2. Masonite's Failure to Identify John Doe is Irrelevant

Mosely next argues that Masonite Corporation "is in possession, or has within [its] knowledge the identity and whereabout[s] of Defendant John Doe #1, but has failed to identify . . . [John Doe], [who is] potentially another non-diverse party." Doc. 5, Pl.'s Mot., ¶ 26. According to Mosely, this "is a terminal defect in [Masonite's] removal" that requires remand. Doc. 10, Pl.'s Reply, ¶ 6. The Court disagrees.

28 U.S.C. § 1441(b)(1) states: "In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Mosley's briefing does not address § 1441(b)(1) or explain why

her assertion that John Doe is "potentially" nondiverse renders Masonite's removal improper. *See* Doc. 5, Pl.'s Mot; Doc. 10, Pl.'s Reply. Instead, she cites *Carillo Rivera v. ManpowerGroup US, Inc.*, 2020 WL 5913832 (W.D. Tex. Oct. 6, 2020), for the proposition that a defendant's failure to identify a John Doe co-defendant precludes them from removing. *See* Doc. 10, Pl.'s Reply, ¶¶ 5–9. But *Carillo Rivera* is inapposite because the court there was considering a plaintiff's motion to join a newly identified, nondiverse defendant who was previously sued as John Doe; it was not considering a motion challenging the removability of the case and, therefore, was not bound by § 1441(b)(1). *See Carillo Rivera*, 2020 WL 5913832, at *10; 28 U.S.C. § 1441(b)(1). So while John Doe's citizenship may eventually destroy the Court's subject-matter jurisdiction (assuming he is identified, nondiverse, and properly joined), the present risk that he *might* have nondiverse citizenship does not bear on the propriety of Masonite's removal. *See* 28 U.S.C. § 1441(b)(1); *Garcia v. Walmart, Inc.*, 2020 WL 2576239, at *1–2 (S.D. Tex. May 21, 2020). Of course, once John Doe is identified, Mosely is free to seek joinder and remand under the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e).

### 3. Masonite Has Not Adequately Alleged MIC's Citizenship

Though the Court rejects Mosely's arguments for remand, it nevertheless finds that Masonite has not established that the Court has subject-matter jurisdiction over this case because it has not adequately alleged that MIC is a diverse party.[6]

"[W]hen jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.' In cases involving corporations, allegations of citizenship must set forth the state of

---

[6] The Court raises this issue *sua sponte*. *See Howery*, 243 F.3d at 919 ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties.").

incorporation as well as the principal place of business of each corporation." *Getty Oil Corp.*, 841 F.2d at 1259 (citations omitted). Here, Masonite has repeatedly stated that MIC consents to the removal of this case, but it has not identified MIC's place of incorporation or principal place of business, nor is this information otherwise available in the record. *See* Doc. 1, Not. Removal, ¶ 8; Doc. 9, Def.'s Resp., ¶ 2. As such, the Court cannot "be certain that all plaintiffs have a different citizenship from all defendants."[7] *See Getty Oil Corp.*, 841 F.2d at 1258.

The above conclusion, however, does not require remand. 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[Section] 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887–88 (5th Cir. 2000)). Because the parties appear to agree that MIC is diverse, the Court finds that Mosely's failure to properly allege MIC's citizenship is a technical defect that can be remedied by amendment. Accordingly, the Court **DENIES** Mosely's Motion to Remand[8] (Doc. 5) and **ORDERS** Masonite to file an amended notice of removal properly alleging the citizenship of MIC.

---

[7] Although Mosely does not appear to dispute MIC's citizenship, *see* Doc. 5, Pl.'s Mot.; Doc. 10, Pl.'s Resp., Mosely's inaction cannot create subject-matter jurisdiction where it does not otherwise exist. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[P]arties can never consent to federal subject[-]matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived.").

[8] Because the underlying motion is denied, the Court also **DENIES** Mosely's request for costs and attorneys' fees. *See* Doc. 5, Pl.'s Mot., ¶ 29.

## IV.

## CONCLUSION

For the reasons set forth above, Mosely's Motion to Remand (Doc. 5) is **DENIED**. Further, Mosely's claims against Defendant Masonite Holdings LLC are hereby **DISMISSED WITHOUT PREJUDICE.** Finally, Masonite is **ORDERED** to file an amended notice of removal addressing the deficiencies identified in this Order within **SEVEN (7)** days.

**SO ORDERED**.

**SIGNED: April 13, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE